UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MOHAMED S. NOOR,

Plaintiff,

v.

FBI,

Defendant.

Civil No. 01-1691 (JMR/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on

FILED SEP 21 2001
RICHARD D. SLETTEN
JUDGMENT ENTD
DEPUTY CLERK

In this case, Plaintiff has presented his claims on a pre-printed complaint form that the Clerk's office makes available to claimants seeking relief under the federal employment discrimination laws. Based on the limited information that Plaintiff has added to the form complaint, it appears that several years ago he sought employment with the Federal Bureau of Investigation, ("FBI"). (Complaint, ¶ 4.) He apparently is accusing the FBI of committing some "alleged discriminatory acts," presumably in connection with his application for employment. (Id., ¶ 5.) The complaint indicates that the FBI's alleged misconduct occurred on November 7, 1997, (id.), but it provides no information of any kind about the nature of the alleged discriminatory acts. The complaint also indicates that Plaintiff did not seek administrative relief for his present claims until September 13, 2001 -- the same day that he filed his present lawsuit. (Id., ¶s 6 and 7.) Plaintiff has provided no other information about the facts or legal principles on which his claims are based. Moreover, the only relief that Plaintiff has requested is that "all fees, costs or security attendant to this litigation be waived." (Id., final paragraph.)

Plaintiff's complaint does not state any cause of action on which relief can be granted, because it does not include any facts that would support any actionable claim against the named Defendant. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some

---

which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

legal relief against the named defendant(s). Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's present pleading does not include any factual allegations of any kind; he has not described anything that the named Defendant allegedly did or failed to do that might give rise to a claim that could be litigated in federal court. Plaintiff has therefore failed to state any cognizable claim for relief.

Furthermore, it clearly appears on the face of Plaintiff's complaint that he has not exhausted his administrative remedies for whatever claim he is attempting to bring. To state an actionable federal employment discrimination claim, (as Plaintiff apparently is attempting to do here), a claimant must affirmatively allege that he or she has exhausted all available administrative remedies, before seeking relief in the courts. As the Court of Appeals explained in Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994):

> "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. Patterson v. McLean Credit Union, 491 U.S. 164, 180-81... (1989). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue."

"The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [an] employment discrimination claim." Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996).

Here, Plaintiff has not pleaded a cognizable employment discrimination claim, because his complaint clearly indicates that he has not yet exhausted his administrative remedies. Plaintiff's failure to exhaust his administrative remedies means that he does not have "the green light" to bring a federal employment discrimination claim into federal court at this time.

Finally, Plaintiff has not asked for any substantive relief in this action; he has requested only a waiver of "all fees, costs or security attendant to this litigation." Because Plaintiff has failed to indicate what he wants the Court to do for him, his complaint does not state an actionable claim.

Based on the various defects noted above, the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 21, 2001

Franklin L Noel

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500